UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEVE COMBEE

CASE NO.: 8:11-CV-00108-T-33MAP

Plaintiff,

v.

CIRCLE K STORES, INC.
a Texas Corporation

Defendant.
_____/

## DEFENDANT'S FIRST REQUEST OF PRODUCTION OF DOCUMENTS TO PLAINTIFF

Defendant, Circle K Stores, Inc. ("Circle K") requests that Plaintiff, Steve Combee, produce the items described herein within the time prescribed by the applicable rules of civil procedure.

**Definitions/Instructions:**

A. "Combee," "you," or "your" will refer to Plaintiff, Steve Combee.

B. "Circle K" will refer to Defendant, Circle K Stores, Inc. and its agents, representatives, employees, attorney(s), and all other persons acting on their behalf, as well as any affiliated entities or insurance companies.

C. "Documents" refers to any handwritten, typed, recorded, or graphic matter, however produced or stored (including matter which is kept or stored electronically - i.e., on computer disk, tape, or hard-drive - or by photographic, mechanical, or other means), of any type or description, whether sent or received, including both sides of originals, identical copies, other copies, and drafts, and will include, without limitation: all memoranda, letters, postcards, facsimile messages, telex messages, telegrams, intraoffice and interoffice communications, correspondence, notes, pamphlets, diaries, records of every kind, tapes and other sound

{BC00008031:1}

EXHIBIT 7
Deponent STEVE COMBEE
Date 7-19-11
Initials RC

recordings, transcripts of sound recordings, contracts, agreements, books, reports, catalogs, financial statements, books of account, journals, ledgers, data processing cards, other data processing materials, data sheets, photographs, photostats, microfilm, videotapes, maps, directives, bulletins, circulars, notices, messages, tabulations, economic or statistical studies, surveys, statements, summaries, opinions, analyses, evaluations, diaries, lists, polls, transcripts, minutes, agendas, instructions, requests, cancelled checks, calendars, desk pads, appointment books, scrapbooks, notebooks, specifications, drawings, diagrams, sketches, and writings, documents, or other communications of every kind and character.

D. "Communication" will be construed in its broadest sense and refers to and includes, without limitation, in the singular as well as in the plural all telephone, radio, personal, and other conversations, statements, discussions, debates, arguments, discourses, meetings, colloquies, interviews, comments, consultations, and every other kind of oral utterance or nonverbal communication.

E. The terms "relating to" or "relative to" mean, in whole or in part, evidencing, constituting, representing, containing, embodying, connecting, reflecting, identifying, stating, showing, referring to, dealing with, summarizing, establishing, refuting or in any way pertaining to.

F. The terms "and" and "or" have both conjunctive and disjunctive meanings.

G. The terms "any" and "all" mean "each" and "every."

H. If the space provided for answers is insufficient, you may complete your answers on an attached addendum, clearly identifying that portion of the interrogatory to which the attachment applies.

**Please produce the following:**

1. All documents which refer or relate to your employment by Circle K Stores.

2. All documents which reflect that you were wrongfully terminated by Circle K as alleged in your Complaint.

3. All documents related to any relationship and/or sexual relationship between yourself and Renee McCorkle.

4. All evaluations, write ups, or other documents relating to your job performance at Circle K.

5. All documents which relate to your contention that you were retaliated against by Circle K.

6. All documents which relate to your contention that Circle K "became a hostile work environment, with Renee's screaming, and unwanted sexual contact" as alleged in your Complaint.

7. All documents which relate to your contention that "Renee's discrimination continued as she reduced my work hours, creating a financial hardship" as alleged in your Complaint.

8. All documents which relate to your contention that "after enduring Renee's continued harassment and conflict, [you] called Janice Teeter (Renee's McCorkle's supervisor)" as alleged in your Complaint.

9. All documents which relate to your contention that "Janice instructed [you] to take a few days off with pay" as alleged in your Complaint.

10. All documents which relate to your contention that "Circle K's Human Resources Officer (Heather Rainey) then met with Renee McCorkel, Janice Teeter and myself" as alleged in your Complaint.

11. All documents which relate to your contention that "the Human Resource Officer was aware of the sexual relationship and/our conflicts that arose. Yet, she did not separate us, but allowed me to work under Renee's direct supervision" as alleged in your Complaint.

12. All documents which relate to the contention that you "have experienced emotional distress of losing [your] financial substance, the loss of future career advancement and opportunities with Circle K, and future employment potential due to a negative reference of being terminated" as alleged in your Complaint.

13. All documents which relate to your contention that "you were discriminated against, retaliated upon, sexually harassed and ignored by Circle K and those in position to protect [your] rights" as alleged in your Complaint.

14. All documents which support any damages you seek in this case.

15. Copies of your tax returns for the last five (5) years.

16. Copies of any documents which relate or reflect any income you have received from any source in 2006, 2007, 2008, 2009, 2010 or 2011.

17. All documents which reflect any employment which you have sought and/or obtained since the termination of your employment with Circle K.

18. All correspondence and communications between yourself and Renee McCorkel.

19. All documents or correspondence between yourself and any other Circle K employee or former employee.

20. All documents or communications between yourself and the Florida Commission on Human Relations and/or the EEOC relating to Circle K for your claims in this case.

21. All documents upon which you may rely upon at trial.

_____
V. Stephen Cohen, Esq.
Florida Bar No. 0948756
Email: scohen@bajocuva.com
**BAJO CUVA COHEN & TURKEL, P.A.**
100 North Tampa Street, Suite 1900
Tampa, Florida 33602
(813) 443-2199 (telephone)
(813) 443-2193 (telecopier)
Attorneys for Defendant, Circle K Stores, Inc.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on a true and correct copy of the foregoing has been sent via U.S. Mail to Steven J. Combee, 3701 Highway 92 East, Apt. C, Plant City, Florida 33566 this 13th day of June, 2011.

_____
Attorney