UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEVE COMBEE,

        Plaintiff,

v.                         Case No.  8:11-cv-108-T-33MAP

CIRCLE K STORES, INC.,

        Defendant.
_____/

**ORDER**

This cause comes before the Court pursuant to Defendant's
Motion for Summary Judgment (Doc. # 20), which was filed on
December 6, 2011.  Pro se Plaintiff failed to file a timely
response in opposition to the Motion.  On January 5, 2012,
this Court entered an Order directing Plaintiff to show cause
by January 17, 2012, why Defendant's Motion for Summary
Judgment should not be considered as an unopposed Motion.
(Doc. # 25).  Despite being given a chance to do so, Plaintiff
failed to respond, and the Court, accordingly, considers the
Motion for Summary Judgment as an unopposed Motion.

However, this Court is not permitted to grant the Motion
for Summary Judgment solely because such Motion is unopposed.
Minhngoc P. Tran v. Boeing Co., 190 Fed. App'x 929, 932 (11th
Cir. 2006)("district court cannot grant summary judgment just
because the motion was unopposed, but must at least review all
the evidentiary materials submitted in support of the motion

for summary judgment to ensure the motion is supported").

Here, the Court grants the Motion based upon its review of the entire record, viewing the evidence in the light most favorable to Plaintiff as the non-movant, and based upon its finding that Defendant is entitled to judgment as a matter of law in this sexual harassment and retaliation case.

I.   **Factual Background and Procedural History**

In November 2007, Defendant hired Plaintiff to work as a Customer Service Representative at a Plant City, Florida Circle K Store. (Plf. Dep. Doc. # 24 at 26-28).  Plaintiff's direct supervisor was Renee McCorkel. Id.  From approximately May 2008, through June 2008, Plaintiff and McCorkel engaged in a consensual sexual relationship. (Id. at 49-50; Doc. # 24-1). Plaintiff and McCorkel's six-week romance ended after a fight and, thereafter, Plaintiff alleges that McCorkel began to discriminate against him in the form of sexual harassment. (Plf. Dep. Doc. # 24 at 53-54; Doc. # 24-1).  Specifically, he alleges that she reduced his hours, screamed at him, and touched him in an inappropriate manner. (Plf. Dep. Doc. # 24 at 77, 103, 109).  With respect to the inappropriate touching, he alleges that she touched his testicles two times and that she pushed her breasts into his back. (Id. at 110).

On June 1, 2009, Plaintiff had an altercation with the

2

store's Assistant Manager, Kathy Mitchell.  Plaintiff yelled at Mitchell in front of store customers and other staff members. (Teeter Aff. Doc. # 23 at ¶¶ 35-36).  Based upon Plaintiff's insubordination, Defendant terminated Plaintiff on June 10, 2009. (<u>Id.</u> at ¶ 41).  As stated by Janice Teeter, a Market Manager for Defendant, "[t]he decision to terminate Plaintiff's employment was not related, in any way, to his relationship to McCorkel or his gender.  Based on the severity of his confrontation with Mitchell, and his behavior in front of customers, Plaintiff's employment would have been separated regardless of whether he had prior Counseling Notices." (<u>Id.</u> at ¶ 42).

After his termination, Plaintiff called the Circle K hotline and filed a Charge of Discrimination with the EEOC. (Doc. # 24-1).  Thereafter, he filed his pro se Complaint alleging that Defendant subjected him to sexual harassment and retaliation. (Doc. # 1).

## II.  <u>Summary Judgment Standard</u>

Summary judgment is appropriate if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

3

An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Mize v. Jefferson City Bd. of Educ., 93 F.3d 739, 742 (11th Cir. 1996) (citing Hairston v. Gainesville Sun Publ'g Co., 9 F.3d 913, 918 (11th Cir. 1993)). A fact is material if it may affect the outcome of the suit under the governing law. Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997).

The Court must draw all inferences from the evidence in the light most favorable to the non-movant and resolve all reasonable doubts in that party's favor. See Porter v. Ray, 461 F.3d 1315, 1320 (11th Cir. 2006). The moving party bears the initial burden of showing the Court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. See id. When a moving party has discharged its burden, the non-moving party must then go beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designate specific facts showing there is a genuine issue for trial. See id.

## III. Analysis

Title VII makes it unlawful for an employer "to discharge any individual, or otherwise discriminate against any

4

individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000(e)-2(a).

A plaintiff claiming discrimination can prove his case through direct or circumstantial evidence. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 800 (1973); Standard v. ABEL Servs., Inc., 161 F.3d 1318, 1331 (11th Cir. 1998). If the Plaintiff relies on direct evidence of discriminatory intent, "then the employer must prove by a preponderance of the evidence that the same employment decision would have been made in the absence of the discriminatory intent." Standard, 161 F.3d at 1330. If the plaintiff relies on circumstantial evidence, the Court applies the McDonnell Douglas burden shifting analysis.

Under such burden shifting analysis, if a plaintiff successfully establishes a prima facie case, the employer must proffer a legitimate, non-discriminatory reason for the adverse employment action it took. Olmsted v. Taco Bell Corp., 141 F.3d 1457, 1460 (11th Cir. 1998). The employer's burden of rebuttal is "exceedingly light," and the employer "need not persuade the court that its proffered reasons are legitimate; the defendant's burden is merely one of

5

production, not proof." <u>Weston-Brown v. Bank of Am. Corp.</u>, 167 Fed. App'x 76, 80 (11th Cir. 2006) (internal citations omitted).

The defendant's burden "serves simultaneously to meet the plaintiff's prima facie case by presenting a legitimate reason for the action and to frame the factual issue with sufficient clarity so that the plaintiff will have a full and fair opportunity to demonstrate pretext." <u>Tex. Dep't of Cmty. Affairs v. Burdine</u>, 450 U.S. 248, 255-56 (1981). "The reason offered by an employer for an action does not have to be a reason that the judge or jurors would act on or approve. Instead, all that matters is that the employer advance an explanation for its action that is not discriminatory in nature." <u>Schoenfeld v. Babbitt</u>, 168 F.3d 1257, 1269 (11th Cir. 1999) (internal citation and quotations omitted).

The plaintiff bears the ultimate burden of proving by a preponderance of the evidence that the reason the employer provides is a mere pretext for the prohibited, discriminatory conduct. <u>Id.</u> A plaintiff may meet this burden by "demonstrating such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its actions that a reasonable factfinder could find them unworthy of credence."

6

Jackson v. Ala. State Tenure Comm'n, 405 F.3d 1276, 1289 (11th Cir. 2005). However, "[a] reason cannot . . . be a 'pretext for discrimination' unless it is shown both that the reason was false, and that discrimination was the real reason." Blue v. Dunn Constr. Co., Case. No. 10-14345, 2011 U.S. App. LEXIS 23505, at *7 (11th Cir. Nov. 23, 2011)(citing St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 515 (1993)).

   A.   **Sexual Harassment**

   To establish a prima facie case of sexual harassment a plaintiff must show that: (1) he was a member of a protected group; (2) he has been subject to unwelcome sexual harassment; (3) the harassment was based on his sex; (4) the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment; and (5) there is a basis to hold the employer liable. Chenault v. Ameripride Linen & Apparel Servs., 188 Fed. App'x 974, 975 (11th Cir. 2006).

   In this case, assuming that Plaintiff has established a prima facie case of sexual harassment, Defendant is still entitled to summary judgment because its reason for terminating Plaintiff was legitimate, unrelated to Plaintiff's sex, and Plaintiff has not demonstrated pretext.

   As outlined above, Defendant terminated Plaintiff because he was involved in a confrontation with Assistant Store

Manager Mitchell and acted in an insubordinate manner towards Mitchell.  As stated by the court in Alexander v. Fulton Cty., Ga., 207 F.3d 1303 (11th Cir. 2000), "it is not the court's role to second-guess the wisdom of an employer's decision." Id. at 1341. "We do not analyze 'whether employment decisions are prudent or fair.  Instead, our sole concern is whether unlawful discriminatory animus motivates a challenged employment decision.'" Blue, 2011 U.S. App. LEXIS 23505, at *13 (quoting Damon v. Fleming Supermarkets of Fla., Inc., 196 F.3d 1354, 1361 (11th Cir. 1999)).

Plaintiff has not come forward with any allegations of pretext in an attempt to rebut Defendant's non-discriminatory reason for terminating him.  To survive summary judgment, Plaintiff must create a genuine issue of material fact both as to whether Defendant's reason is false and as to whether discrimination was the real reason. St. Mary's Honor Ctr., 509 U.S. at 515.  Plaintiff has not done so. Plaintiff has provided no evidence that would "allow a factfinder to disbelieve [Defendant's] proffered explanation for its actions." Combs v. Plantation Patterns, 106 F.3d 1519, 1532 (11th Cir. 1997).  A termination based on a good faith belief of misconduct is legitimate, even if it is later determined that no misconduct occurred.  EEOC v. Total Sys. Servs., 221

F.3d 1171, 1176-77 (11th Cir. 2000)("An employer who fires an employee under the mistaken but honest impression that the employee violated a work rule is not liable for discriminatory conduct."). Plaintiff has not supplied the Court with reference to any evidence contravening Defendant's assertion that Defendant fired Plaintiff based upon Plaintiff's confrontation with Mitchell.

This Court grants summary judgment in favor of Defendant as to Plaintiff's sexual harassment claims because Plaintiff has failed to come forward with evidence to refute Defendant's proffered legitimate and non-discriminatory business decision to terminate Plaintiff. Defendant has supplied the Court with evidence that its reason was unrelated to Plaintiff's sex, including but not limited to Teeter's affidavit, and Plaintiff has not challenged that evidence.

## B.   Retaliation

To establish a prima facie case of retaliation in the absence of direct evidence of retaliatory intent, Plaintiff must show that: (1) there was a statutorily protected activity, (2) that an adverse employment action occurred, and (3) that there was a causal link between the protected activity and the adverse employment action. Dixon v. Hallmark Cos., 627 F.3d 849, 856 (11th Cir. 2010).

Plaintiff called the Circle K hotline and filed a Charge of Discrimination after his termination.  There is no causal nexus between the protected activity and the termination because Plaintiff made the call to the hotline and filed his Charge <u>after</u> he was terminated.  Accordingly, the Court finds that Plaintiff failed to establish a prima facie case of retaliation.

However, even assuming that Plaintiff had established a prima facie case, Plaintiff's retaliation count is, nevertheless, subject to summary judgment because Defendant provided a legitimate, non-retaliatory reason for Plaintiff's termination, and Plaintiff has not shown that the reason is pretextual.  Thus, the Court grants summary judgment in favor of Defendant on Plaintiff's retaliation claim.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant's Motion for Summary Judgment (Doc. # 20) is **GRANTED**.

(2) The Clerk is directed to enter Judgment in Defendant's favor, terminate all pending motions, and close the case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 20th day of January, 2012.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

10

Copies:  All Counsel and Parties of Record